## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BOB XU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 21 C 1990 |
| v. | ) | |
| | ) | Judge John Z. Lee |
| GOOGLE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Google Inc. ("Google") moves to dismiss Plaintiff Bob Xu's complaint with prejudice for failure to state a claim. For the reasons that follow, the Court grants the motion and dismisses this case with prejudice. Civil case terminated.

## I.    Background

According to the complaint, someone with the username "BlakeG" left a review on the Google Maps review page for Xu's business. Notice of Removal Ex. A, State Court Compl. ("Compl.") ¶ 1, ECF No. 1-1. Xu claims that BlakeG has never been a customer of his business. *Id.* ¶¶ 1–2. He states that he reported the allegedly fraudulent review to Google on numerous occasions, but Google refused to take the review down. *Id.* ¶ 6. According to Xu, Google's failure to remove the review has "caused severe harms and damages to [his] reputation." *Id.* ¶ 7.

Xu sued Google in the Circuit Court of Will County, Illinois, asserting three negligence claims. First, Xu claims that Google breached its duty to remove the review pursuant to the Consumer Review Fairness Act ("CFRA"), 15 U.S.C. §45b. *Id.* at 7. Second, Xu alleges that, in failing to remove the review, Google breached a duty

created by its own internal policies, which, he claims, prohibit fake or misleading reviews. *Id.* Finally, Xu claims that Google's failure to remove the review breached its duty to promote "social fairness, justice, law and order." *Id.*

Google removed the case to this Court, *see* Notice of Removal, ECF No. 1, and filed a motion to dismiss the complaint with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Renewed Mot. Dismiss ("Mot. Dismiss"), ECF No. 19.

## II. <u>Legal Standard</u>

To survive a motion to dismiss for failure to state a claim, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a motion to dismiss, courts "accept the allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Crescent Plaza Hotel Owner, L.P. v. Zurich Am. Ins. Co.*, 20 F.4th 303, 307 (7th Cir. 2021) (cleaned up). But "allegations in the form of legal conclusions are insufficient," as are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Def. Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 334 (7th Cir. 2015) (cleaned up) (quoting *Iqbal*, 556 U.S. at 678).

### III.  Analysis

Google has proffered multiple grounds for dismissal, but the Court need only reach one: Xu's negligence claims fail because he has not alleged a legally cognizable duty that Google purportedly breached.[1]  *See Johnson v. Armstrong*, ___ N.E.3d ____, 2022 WL 2284320, at *9 (Ill. June 24, 2022) (under Illinois law, "[t]he elements of a negligence cause of action are a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by the breach" (citation omitted)).  For starters, Xu premises his first negligence claim on Google's obligations under the CFRA, but the CFRA does not create any legal duty to remove false reviews.  Although that statute *permits* a review provider to "remove or refuse to display publicly" any review that is "unrelated to the goods or services offered" by the subject of the review or "is clearly false or misleading," 15 U.S.C. § 45b(b)(2)(C), nothing in the CFRA expressly *requires* a provider to do so, or even implies such an obligation.  *See generally id.* § 45b; *see also Pilotto v. Urb. Outfitters W., L.L.C.*, 72 N.E.3d 772, 780 (Ill. App. Ct. 2017) (a statute may create a duty either expressly or by implication).

Xu also has not sufficiently alleged that Google's internal policies imposed upon it a duty to remove the review.  He claims that, because he is a "consumer" of Google's services, Google owes to him a duty to follow its own review-moderation

---

[1]     To the extent Xu asserts a claim based directly on Google's purported violation of the CFRA, that claim also fails, because the CFRA has no private right of action.  *See* 15 U.S.C. § 45b(b), (d), (e); *Quigley v. Yelp, Inc.*, No. 17-cv-03771-RS, 2018 WL 7204066, at *3 (N.D. Cal. Jan. 22, 2018) (dismissing CFRA claim because the CFRA is "by its terms enforced only by the Federal Trade Commission or state attorneys general").

policies. Pl.'s Resp. Def.'s Mot. Dismiss ("Resp."), *passim*, ECF No. 20. But under Illinois law, a private company's internal policies do not, standing alone, create legal duties. *See Doe v. Coe*, 135 N.E.3d 1, 12 (Ill. 2019); *Rhodes v. Ill. Cent. Gulf R.R.*, 665 N.E.2d 1260, 1272–73 (Ill. 1996) (collecting cases); *see also, e.g.*, *Albrecht as Next Friend for N.S.S. v. Dick's Sporting Goods, Inc.*, No. 21 C 2016, 2022 WL 2356416, at *5 (N.D. Ill. June 30, 2022) (explaining that Illinois courts "have repeatedly rejected the notion that a [defendant's] internal policies create a legal duty or new standard of care" and collecting cases).[2]

Xu last appeals to the public policy of "promot[ing] social fairness, justice, law and order." Compl. at 7; *see* Resp. at 7. In Illinois, however, a tort duty must be founded in either the common law or a statute. *Pilotto*, 72 N.E.3d at 780. Promoting social fairness and the rule of law is certainly an important objective, but Xu has not identified any statute or common law principle that imposes tort liability on a private company for failing to live up to it.

Google asks the Court to dismiss Xu's complaint with prejudice because "it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). The Court agrees, both because of the severity of the aforementioned deficiencies and because Xu has not (over the course

---

[2]     In his surreply brief, Xu contends that the Google policies that he cites are "external" policies, not "internal" policies, because they deal with Google's relationship to its users, not its employees. Pl.'s Surreply Def.'s Reply at 1–4, ECF No. 27. But "internal" in this context refers to the *source* of the regulation—a policy is "internal" if it is "self-imposed." *Doe*, 135 N.E.3d at 12.

of two response briefs) "suggested to the court the ways in which he might cure the defects." *Fosnight v. Jones*, 41 F.4th 916, 925 (7th Cir. 2022) (cleaned up) (calling leave to amend "pointless" in such circumstances).

### IV.    Conclusion

For the reasons stated above, Google's motion to dismiss the complaint with prejudice is granted.  Civil case terminated.


**IT IS SO ORDERED.**                    **ENTERED:   8/22/22**

_____

**John Z. Lee**
**United States District Judge**